UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ARIE CORCOS

 Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS LLC, a South Carolina limited liability company

 Defendant.

## COMPLAINT

 COMES NOW, the Plaintiff, ARIE CORCOS, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, DYNAMIC RECOVERY SOLUTIONS LLC, hereinafter "Defendant", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA"), the Florida Consumer Collection Practices Act, §559.55, *et seq*., Florida Statutes (hereinafter the "FCCPA") and Florida common law, and in support thereof alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), and §15 U.S.C. §1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

3. This Court has supplemental jurisdiction over the state law claims according to 28 U.S.C. §1367.

## VENUE

4. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Miami-Dade County, Florida and the Defendant is a South Carolina limited liability company whose transacts business in Miami-Dade County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

5. Plaintiff, Arie Corcos is an individual residing in the County of Miami-Dade, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant, Dynamic Recovery Solutions LLC, is a South Carolina limited liability company, and has its principal place of business in South Carolina where it engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

## BACKGROUND

7. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

8. Plaintiff is alleged to have incurred a financial obligation to Wells Fargo in an unknown amount. Such amounts is a "debt" as defined by 15 U.S.C. §1691a(5).

9. Defendant regularly uses the mail and telephone in a business the principal purpose of

which is the collection of consumer debts.

10. On February 6, 2012, Defendant sent a letter to the Plaintiff claiming that Defendant was the legal outscoring administrator.

11. In January 2013, Defendant contacted the Plaintiff by telephone.

12. The telephone calls were placed by the Defendant.

13. In January 2013, "Chrstine", in an effort to collect the alleged debt on behalf of Defendant, telephoned Plaintiff and left a voicemail message (i.e. communication) requesting payment as follows:

*"Mr. Corcos, this is Christine with Dynamic Recovery Solutions. I had spoken with you last week regarding the Wells Fargo account. And, I needed for you to contact me back. I didn't get the name of the credit services, and didn't want to process anything until I spoke with you. My number again directly is 888-253-8667."*

14. The preceding voicemail messages fail to properly disclose that Defendant is a debt collection in violation of 15 U.S.C. § 1692e(11).

15. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. See Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

16. Federal Courts have held that the failure to properly identity oneself as a debt collector in a voicemail message left on an answering machine, or state that a voicemail message was left as an attempt to collect a debt, constituted a valid claim under the FDCPA. Anchondo v. Anderson, Crenshaw & Associates, LLC, 583 F.Supp.2d 1278 (D. New Mexico 2008).

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

17. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 16, herein.

18. Defendant's voicemail messages occurring in January 2013 failed to disclose to Plaintiff that Defendant was a debt collector, in violation of 15 U.S.C. § 1692e(11).

19. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

20. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## JURY TRIAL DEMAND

21. Plaintiffs request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  January 25, 2013

                                           MILITZOK & LEVY, P.A.  
                                           Attorneys for Plaintiffs  
                                           The Yankee Clipper Law Center  
                                           3230 Stirling Road, Suite 1  
                                           Hollywood, Florida 33021  
                                           (954) 727-8570 - Telephone  
                                           (954) 241-6857 – Facsimile  
                                           mjm@mllawfl.com


                                           By: /s/ Matthew J. Militzok, Esq.  
                                           MATTHEW J. MILITZOK, ESQ.  
                                           Fla. Bar No.: 0153842